**Opinion filed October 30, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00022-CR

_____

## COLE WILLIAM REED, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 21109B**

## M E M O R A N D U M   O P I N I O N

Appellant, Cole William Reed, pleaded guilty to the offense of assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2020). Pursuant to the terms of a plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for a term of seven years, assessed a fine of $1,500, and ordered that Appellant serve 180 days in jail and attend anger

management classes. The State subsequently filed a motion to revoke Appellant's community supervision and adjudicate his guilt. At a hearing on the motion, Appellant pleaded true to all fourteen of the State's allegations. The trial court accepted Appellant's plea and ordered a presentence investigation. The trial court later conducted a disposition hearing, found that the State's allegations were true, revoked Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for ten years without a fine. We modify the trial court's judgment to delete the fine, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial

2

court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Further, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains a nonreversible error. There is a variation between the oral pronouncement of sentence and the written judgment adjudicating guilt. The written judgment includes a fine of $1,462. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, it specifically stated that no fine was imposed. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2020); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt to delete the fine. *See Taylor*, 131 S.W.3d at

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

We grant Appellant's counsel's motion to withdraw; modify the judgment adjudicating guilt so as to delete the fine of $1,462; and, as modified, affirm the judgment of the trial court.

PER CURIAM

October 30, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.